UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                   )
                                         )
UNITED WESTERN BANCORP, INC.,            )   Case No. 12-13815 TBM
EIN: 84-1233716                          )   Chapter 7
                                         )
            Debtor.                      )

**TRUSTEE'S REPORT DATED JANUARY 18, 2017**

Simon E. Rodriguez, Chapter 7 Trustee (the "Chapter 7 Trustee") files this Report in the above-captioned case.

1. This Report is for informational purposes only and is not intended to provide advice to any party in interest in this case. This report is only a summary of the status of this bankruptcy case. For a complete history of this bankruptcy case, parties are directed to PACER.

2. On March 2, 2012, United Western Bancorp, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Colorado. From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession.

3. On April 15, 2013, the Bankruptcy Court entered an Order converting the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code. Simon E. Rodriguez is the duly appointed Chapter 7 Trustee.

4. Since his appointment, the Chapter 7 Trustee focused on liquidating the Debtor's personal property, pursuing the appeal of the IRS audit, pursuing avoidance actions and litigating against the FDIC regarding the ownership of the tax refund which arose out of appeal of the IRS audit. To date, the Trustee has collected the following funds:

| | |
|---|---|
| Bank funds turned over upon conversion of the case: | $ 150,688.12 |
| Health insurance policy refund | $ 2,831.80 |
| At risk insurance policy refund | $ 6,977.00 |
| Proceeds from the sale of Debtor's property (Docket #367): | $ 4,212.50 |
| Proceeds from Matrix Funding Corp. Claim (Docket #379): | $ 923,403.07 |
| Proceeds from Avoidance Actions (Docket #407, 409, 426, 448): | $ 138,370.00 |
| Proceeds from claims filed in unrelated bankruptcy cases: | $ 15,293.98 |
| Proceeds from tax appeal settlement: | $4,081,334.67* |

* The funds are currently held in the registry of the Court pending resolution of all appeals.

1

5. The Chapter 7 Trustee has reviewed and, where appropriate, objected to the proofs of claim filed. The secured claims total approximately $13,640,099.60 and the unsecured claims total approximately $38,928,888.95, including priority claims. Because the FDIC has appealed the judgment entered against it, it is unknown what the distribution to unsecured creditors will be at this time.

6. One of the Debtor's wholly-owned subsidiaries is United Western Bank (the "Bank"). On January 21, 2011, thirteen months before this bankruptcy case was filed, the Bank failed and all of the Bank's assets were placed into an FDIC receivership. The Trustee received correspondence from a former employee and director of United Western Bancorp, Inc. asserting the FDIC failed to account for $150,000,000 in capital owned by the Bank at the time of the takeover, and demanding the Trustee pursue this purported asset. Since his appointment, the Trustee has monitored the United Western Bank receivership. As of September 30, 2013, the United Western Bank receivership had a negative net worth of $346,978,000. As of September 30, 2016, the United Western Bank receivership's financial picture had improved but still showed a negative net worth of $168,140,000. Even if the former employee/director were correct that the FDIC failed to properly account for all of the $150,000,000 capital, the United Western Bank receivership would still have a negative net worth of $18,140,000. Further, JP Morgan Chase Bank asserts a security interest in the Debtor's United Western Bank stock in the amount of at least $13,640,099.60. "The focus of a trustee's duties is the collection and distribution of estate assets for the benefit of creditors." *In re Ebel*, 338 B.R. 862, 873 (Bankr. D. Colo. 2005) (quoting *In re Poage*, 92 B.R. 659, 662 (Bankr. N.D. Tex. 1988) ("Although a Chapter 7 trustee is a fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured creditors."). "The purpose to be served, therefore, must relate to the Trustee's duty to the creditors to collect and distribute assets. It cannot be a proper purpose for the Trustee to expend estate assets objecting . . . if no benefit would otherwise accrue to the . . . creditors." *In re Ebel*, 338 B.R. at 873. Because the United Western Bank receivership remains hopelessly insolvent and any correction of the alleged error would not render the United Western Bank receivership estate solvent thereby benefitting the Debtor's unsecured creditors, the Trustee does not believe it a proper use of estate assets to pursue the alleged error.

Dated: January 18, 2017                IRELAND STAPLETON PRYOR & PASCOE, PC

  /s/ Kimberley H. Tyson  
Kimberley H. Tyson, #18592  
717 17th Street, Suite 2800  
Denver, Colorado 80202  
Telephone: (303) 623-2700  
Facsimile: (303) 623-2062  
Email: ktyson@irelandstapleton.com  
Attorneys for Simon E. Rodriguez, Chapter 7 Trustee

2