UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| UNITED WESTERN BANCORP, INC., ) | Case No. 12-13815 TBM |
| EIN: 84-1233716 ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**COVER SHEET FOR FIFTH INTERIM APPLICATION FOR
COMPENSATION OF IRELAND STAPLETON PRYOR & PASCOE, PC
AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

Name of Applicant:   Ireland Stapleton Pryor & Pascoe, PC

Authorized to Provide Professional Services to:   Simon E. Rodriguez, Chapter 7 Trustee

Date of Order Authorizing Employment:   May 3, 2013

Period for Which Compensation is Sought:   November 1, 2017 through October 31, 2018

Amount of Reimbursement Sought:   Fees:       $99,578.00
Expenses:   $      0.00
Total:       $99,578.00

This is an:  Interim Application [X]   Final Application [_]

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date filed | Period Covered | Total Requested Fees & Expenses | Total Allowed |
|---|---|---|---|
| 12/23/14 | 04/29/13-10/31/14 | $147, 860.85 | $147,860.85 |
| 12/29/15 | 11/01/14-11/01/15 | $221,700.00 | $221,700.00 |
| 11/7/16 | 11/1/15-10/31/16 | $71,108.26 | $71,108.26 |
| 11/21/17 | 11/1/16-10/31/17 | $74,930.16 | $74,799.16[1] |

---

[1] The difference between the total requested and total allowed for the November 27, 2017 interim application was due to a computational error by the applicant.  No fees or expenses were actually disallowed.

2940880.1

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $ 515,468.27.

Dated:  December 10, 2018			IRELAND STAPLETON PRYOR & PASCOE, PC

 /s/ Mark E. Haynes
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone:  (303) 623-2700
Facsimile:  (303) 623-2062
Email:  mhaynes@irelandstapleton.com

Attorneys for Simon E. Rodriguez, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED WESTERN BANCORP, INC., | ) | Case No. 12-13815 TBM |
| EIN: 84-1233716 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**FIFTH INTERIM APPLICATION FOR COMPENSATION OF IRELAND STAPLETON PRYOR & PASCOE, PC AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

Ireland Stapleton Pryor & Pascoe, PC (the "Firm"), counsel for Simon E. Rodriguez, Chapter 7 Trustee of the Bankruptcy Estate of United Western Bancorp, Inc. (the "Trustee"), files this Fifth Interim Application for Compensation (the "Application") pursuant to 11 U.S.C. §§ 327 and 330, F.R.B.P. 2016, and L.B.R. 2016-1.

### INTRODUCTORY STATEMENT

**A.** **Retention of Applicant.** The Firm was hired by the Trustee on April 16, 2013. The Firm filed its application for employment on April 29, 2013. On May 3, 2013, the Court entered its order approving the retention of the Firm.

**B.** **Nature of Services.** The Firm represents the Trustee in connection with all aspects of this Chapter 7 case. Previously, the Firm obtained approval of a settlement reached with the Internal Revenue Service arising out of the appeal of an IRS audit of the Debtor's 2009 tax return. This resulted in a refund in excess of $4 million which was placed in the registry of the court. The Firm also successfully prosecuted an adversary proceeding against the FDIC and obtained a judgment holding the refund is property of the estate. During the time covered by this Application, the FDIC appealed this judgment to the U.S. District Court, which reversed the Bankruptcy Court's ruling. The Trustee appealed the District Court ruling to the U.S. Court of Appeals for the Tenth Circuit, which upheld the District Court. As of the time of the filing of this Application, however, a Petition for Rehearing is pending. Time spent on the Tenth Circuit appeal and preparing and filing the Reply Brief, preparing for and conducting oral argument in the Tenth Circuit and drafting and filing the Petition for Rehearing is included in this Application. In addition, the Firm handled general administrative matters, including addressing issues arising out of the estate's 2014, 2015 and 2016 tax returns. The Firm also resolved remaining claims issues.

During the time covered by this Application a new issue arose, concerning a demand by the Internal Revenue Service made in November 2017, for the payment of $477,864.91 in connection with the United Western Bancorp, Inc., 2016 tax return, Form 1120. The Trustee has

3

consistently taken the position that income generated by the FDIC receivership for United Western Bank, a UWBI subsidiary, is exempt from income taxation. The Firm is representing the Trustee in efforts to resolve this issue administratively but has also investigated and prepared for alternatives for resolution by litigation.

The Trustee has been provided with billing statements and is familiar with the services described therein. In addition, the Trustee has reviewed the Application, and has approved the requested amount. The Trustee authorizes the Firm to advise the Court that the Trustee is pleased with the work done and the results achieved by the Firm so far in this case. Further, the Trustee supports the approval of this Fifth Interim Application. Biographies of the persons who have been involved in this representation are attached as Exhibit A. Narratives describing the work done each day are attached as Exhibit B.

C. **Compensation Requested.** The Firm requests allowance of fees in the amount of $99,578.00 in fees and reimbursement of $0.00 in expenses for work performed from November 1, 2017 through October 31, 2018.

D. **Compensation Previously Sought and Allowed.** Pursuant to the Firm's first interim application, the Court allowed fees in the amount of $146,686.25 and reimbursement of expenses in the amount of $1,174.60 for work performed from April 29, 2013 through October 31, 2014. Based on conversations with the Trustee, the Firm initially requested payment of only $80,000.00 of the fees requested and $1,174.60 in expenses. Subsequently, the Firm requested payment of the remaining allowed fees of $66,686.25. Pursuant to the Firm's second interim application, the Court allowed fees in the amount of $221,700.00 and reimbursement of expenses in the amount of $0.00 for work performed from November 1, 2014 through November 30, 2015. Pursuant to the Firm's third interim application the Court allowed fees in the amount of $70,424.75 and costs in the amount of $683.51. Pursuant to the Firm's fourth interim fee application the Court allowed fees in the amount of $74,225.00 and costs in the amount of $574.16.

E. **Interim Compensation.** To date, the Firm has received $513,036.00 in fees and $2,432.27 in expenses.

F. **Status of the Case.** On March 2, 2012, the Debtor filed its voluntary petition for relief in bankruptcy under Chapter 11. From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession. On April 15, 2013, the Bankruptcy Court entered an Order converting the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code. Simon E. Rodriguez is the duly appointed Chapter 7 Trustee.

The Bankruptcy Court established July 1, 2013 as the deadline for filing Chapter 11 Administrative Claims. The Bankruptcy Court also established July 23, 2013 as the deadline for filing proofs of claim. Forty-two proofs of claim were filed asserting claims totaling in excess of $198 million.

Since his appointment, the Trustee has focused on liquidating the Debtor's personal property (including the estate's claim in the Matrix Funding Corp estate), pursuing the appeal of

4

the IRS audit of the Debtor's 2009 tax return which resulted in a refund totaling $4,081,334.67, prosecuting litigation against the FDIC to determine the ownership of the tax refund, pursuing the avoidance actions, reviewing and challenging certain proofs of claim, and defending the estate against the time-barred claims asserted by the Chapter 7 Trustee of UWT, Inc. in federal court litigation.  A new issue arose with the Internal Revenue Service's claim of additional income tax owed with respect to the UWBI 2016 tax return, which the Trustee is presently opposing through administrative procedures.

The FDIC has appealed the judgment entered against it in the adversary proceeding to the District Court, which reversed.  The case is now before the Tenth Circuit Court of Appeals, which initially upheld the District Court, but before which a Petition for Rehearing is presently pending.  Accordingly, at this time, it is unknown what the distribution to creditors will be.

### G.    Other Chapter 7 Professional Fees and Expenses.

The Trustee hired Dickensheet & Associates, Inc. to liquidate the Debtor's personal property.  The liquidation of the personal property raised $4,212.50.  Dickensheet & Associates, Inc.'s commission (15%) totaled $631.87 and its expenses totaled $1,450.00.

The Trustee hired Dennis & Co., P.C. for advice concerning the tax liabilities of the estate and for the preparation of all necessary tax returns.  On February 24, 2015, Dennis & Co., P.C.'s First Interim Fee Application was filed seeking $46,276.00 in fees and $96.00 in expenses which was granted by Order dated May 4, 2015.  On December 29, 2015, Dennis & Co., P.C.'s Second Interim Fee Application was filed seeking $20,288.00 in fees and $0.00 in expenses which was granted by Order dated January 29, 2016.  On November 7, 2016, Dennis & Co. P.C.'s Third Interim Fee Application was filed seeking fees in the amount of $14,308.00 and $78.00 in expenses, which was approved by the Order dated December 15, 2016. On November 22, 2017, Dennis & Co., P.C.'s Fourth Interim Fee Application was filed seeking fees in the amount of $16,163.00 and expenses in the amount of $96.00, which was approved by the Order dated December 28, 2017. Contemporaneously with the filing of the Firm's Fifth Interim Fee Application, Dennis & Co., P.C.'s Fifth Interim Fee Application is being filed seeking fees in the amount of $7256.00 and expenses in the amount of $64.00.

### STAFFING AND RATES CHARGED

The services rendered by the Firm to the Trustee in this case during the period covered by this Application have been provided by the following personnel:

| Name | Year Admitted | Area of Expertise | Rates |
|---|---|---|---|
| Mark E. Haynes | 1982 | Litigation, Bankruptcy | $395 |
| William H. Parsons | 1970 | Tax | $435 |

| | | | |
|---|---|---|---|
| Michael M. Lane | 2016 | Litigation, Appeals | $220 |
| James Silvestro | 2011 | Litigation | $290 |
| Jennifer Gilbert | 2013 | Litigation, Appeals | $250 |
| Zachary Daugherty | 2008 | Litigation | $290 |
| Barbara M. Biondolillo | | Litigation Paralegal | $170 |

      The representation of the Trustee by the Firm was primarily handled by the Honorable Kimberly Tyson until May 12, 2017, when Mr. Haynes substituted as the Trustee's counsel in light of her appointment to the bench of the U.S. Bankruptcy Court for the District of Colorado. In addition, Mr. Haynes has been primarily responsible for the FDIC litigation, with Mr. Lane assisting on the 10th Circuit appeal, and Mr. Parsons has handled the tax appeal and issues related to the Estate's tax returns. With respect to the IRS's assertion of additional tax liability on the 2016 tax return, Mr. Parsons has been responsible for the Trustee's administrative response and appeal, while Mr. Haynes and associates James Silvestro, Jennifer Gilbert and Zachary Dougherty have researched alternatives for resolution by litigation and begun the drafting of pleadings. The Firm believes this lean staffing produced economies for the estate. The Firm further believes the mix of talents was precisely what was best for this case. While lead counsel certainly needed to be an experienced bankruptcy attorney, there was also a need for counsel experienced in litigating against the FDIC and handling tax appeals. Consultation was kept to the minimum necessary to coordinate the case.

## WORK PERFORMED

      The work performed during the time period covered in this Fifth Interim Fee Application fell into the following six basic categories:

        (1)    General Administration;
        (2)    Tax Appeal/ Returns;
        (3)    FDIC Litigation;
        (4)    Pre-Petition Claims;
        (5)    Administrative Claims; and
        (6)    Firm's Fee Application.
        (7)    IRS Tax Claim

A synopsis of services provided for each task, broken out separately, and the actual benefit received in the case is set forth below. Effort has been made to be consistent in the usage of the billing categories, however, the recording of time involves a judgment call which has resulted in some overlap between the categories.

**BILLING JUDGMENT**

The amount sought in this application has been reduced from the customary time cost of the lawyers involved and the customary expenses charged by a total of $8,044. This is composed of the following:

The standard rate in April 2013, for Mr. Haynes, a 35-year lawyer, was $400, however, he voluntarily agreed to reduce his hourly rate to $395. His hourly rate increased to $425 as of February 1, 2014, and $450 as of February 1, 2016; however, he has not applied these rate increases to his representation of the Trustee. These voluntary reductions have resulted in a savings of $7,128.00 to the estate. Mr. Parsons' standard hourly rate is $450, but he agreed to reduce his hourly rate to $435, resulting in savings to the estate of $801.00.

The Firm's paralegal's billing rates range from $170 to $190, however, the Firm has only billed the estate at the $170 rate. This resulted in an additional savings to the estate of $115.00.

For technological reasons, these reduced hourly rates are not reflected in the line entries in the attached invoices but are reflected in the invoices as a deduction from total fees for a "courtesy discount."

Mr. Dougherty assisted with the preparation of the Motion for Rehearing in the Tenth Circuit Appeal. He also performed valuable legal research and drafted pleadings to object to and obtain judicial review of the new IRS administrative tax claim, described below. Because of his lack of experience in bankruptcy law, however, a considerable amount of his time with respect to the IRS tax claim matter was not charged, approximately $16,327.00.

**CATEGORIES**

The remainder of this fee application sets forth a description of the work performed, by task.

a) **General Administration.** This category includes time spent in general estate administration. Issues addressed include preparing the fee application for the Trustee's accountants, meetings and discussions with creditors regarding a potential claim by the Estate and responding to inquiries from creditors and interested parties. Invoices supporting these fees are attached as Exhibit B-1.

| Name | Rate | Hours | Total |
|---|---|---|---|
| ME Haynes | $395 | 18.2 | $7,189.00 |
| | | Total: | $7,189.00 |

Portion of Total Fee: 0.7%

2940880.1

**b)** **Tax Appeal.** This account contains the work performed by the Firm related to completion of the appeal from the IRS audit of Debtor's 2009 consolidated tax return, ultimately culminating in a settlement between the Estate and FDIC and the IRS. The resulting refund, totaling $4,081,334.67 (the "Tax Refund" or "Refund"), was deposited into the Registry of the Court where the funds remain pending resolution of the FDIC appeal. No time was charged to this category in this interim application as the refund matter is resolved with respect to the IRS.

**c)** **FDIC Litigation.** This category contains time spent litigating issues relating to the Tax Refund. There is a dispute between the estate and the FDIC as receiver for United Western Bank (the "Bank") regarding the ownership of the refund. The Bank, is a subsidiary of the Debtor, which files consolidated tax returns on behalf of a consolidated group, including the Bank. The handling of the refund is governed by an agreement the Debtor, the Bank and the rest of the members of the consolidated group entered into, the Tax Allocation Agreement ("TAA") dated January 1, 2008. The Trustee's position is the TAA establishes a debtor-creditor relationship between Debtor and the Bank with respect to any tax refunds. When the refund is paid to the Debtor, the funds are simply property of the estate and the FDIC will have an unsecured, nonpriority claim for its pro rata share of that refund. In this Adversary Proceeding the Trustee sought a declaratory judgment to this effect and also objected to the FDIC's Claim, which sought to have the refund treated as if the Trustee will hold the refund as agent or trustee of the FDIC.

The Firm filed an Adversary Proceeding on behalf of the Trustee seeking, in part, a declaration that the Estate owns the Tax Refund. On September 16, 2016, the Court entered judgment in favor of the Trustee.

The FDIC appealed this Court's judgment District Court, which reversed the Bankruptcy Court judgment by the Order dated July 10, 2017. The Trustee perfected an appeal to the U.S. Court of Appeals for the Tenth Circuit, which upheld the District Court. However, a Petition for Rehearing is presently pending. Fees for the preparation and filing of the Trustee's Reply Brief, preparing for and conducting oral argument and drafting the Petition for Rehearing are included in this Application. Invoices supporting these fees are attached as Exhibit B-2.

| Name | Rate | Hours | Total |
|---|---|---|---|
| ME Haynes | $395 | 61.9 | $24,450.50 |
| MM Lane | $220 | 29.4 | $ 6,468.00 |
| WH Parsons | $435 | 1.0 | $   435.00 |
| Jennifer Gilbert | $250 | 26.1 | $ 6,525.00 |
| ZS Dougherty | $290 | 14.9 | $ 4,321.00 |
| BM Biondolillo | $170 | 11.5 | $ 1,955.00 |
| | | Total: | $44,154.50 |

Portion of Total Fee: 44.3%

8

Please note that because of issues involving applicant's billing software, Mr. Lane's time is reflected at the end of the attached invoice, with the dates indicated the actual dates services were performed.

d) **Pre-petition Claims.** This account contains the work by the Firm reviewing and objecting to certain of the pre-petition claims. No time was billed to this account during the time covered by this application as all prepetition claims, except for the FDIC's, have been resolved.

e) **Administrative Claims.** This account contains work by the firm to review and deal with administrative claims. No time was billed to this account during the time covered by this application as no administrative claims required attention, except the new administrative tax claim by the IRS, which is described below in a separate category.

f) **Preparation of Firm's Fee Application.** This category contains the Firm's work involved in finalizing the fourth interim fee application, done after October 31, 2017. Invoices supporting these fees are attached as Exhibit B-3.

| | | | |
|---|---|---|---|
| ME Haynes | $395 | 30.8 | $12,166.00 |
| | Total: | | $12,166.00 |

Portion of Total Fee: 12.2%

g) **IRS Tax Claim.** In November 2018, the Internal Revenue Service sent the Trustee a bill for $477,864.91 allegedly arising out of the 2016 Form 1120 filed by UWBI on behalf of its consolidated group, including the Bank. This billing was not preceded by an audit, appeal or any form of due process. The alleged tax liability arises out of the Bank receivership, the tax characteristics of which are reported to the Trustee by the FDIC as Receiver for the Bank. FDIC takes the position that income generated by its Receivership is exempt from income tax pursuant to Section 7507 of the Internal Revenue Code and the Trustee takes the same position as to Receivership income reflected on the consolidated Form 1120. Immediately after this initial correspondence was received, Mr. Parsons, along with the Trustee's accountants, began analyzing the claim and communicating with IRS representatives concerning the issue. For several months it appeared the IRS was refusing to allow the Estate an audit, appeal rights or any other form of due process. In light of the IRS's position, Mr. Haynes, assisted by Ms. Gilbert, Mr. Silvestro and Mr. Dougherty, researched and analyzed litigation alternatives to object to and obtain a review and adjudication of the Estate's tax liability under 11 U.S.C. §505, among other alternatives, or obtaining reimbursement of any actual tax liability, ultimately drafting pleadings. On July 26, 2018, an IRS representative advised Mr. Parson's that the IRS may grant the Estate an audit and appeal rights. At that time, litigation was put on hold and the Trustee has been exploring the IRS's offer. As of the time of the filing of this interim application, an audit has been scheduled and rescheduled several times but has not yet taken place. Invoices supporting these charges are attached as Exhibit B-4.

9

| Name | Rate | Hours | Total |
|---|---|---|---|
| ME Haynes | $395 | 18.7 | $ 7,386.50 |
| WH Parsons | $435 | 52.4 | $22,794.00 |
| JR Silvestro | $290 | 1.9 | $    551.00 |
| JL Gilbert | $250 | 0.7 | $    175.00 |
| ZS Daugherty | $290 | 17.8 | $ 5,162.00 |
|  |  | Total | $36,068.50 |

Portion of total fee:   36.2%

## DISBURSEMENTS

No disbursements/expenses have been requested in this interim application.

WHEREFORE, Ireland Stapleton Pryor & Pascoe, PC requests allowance of interim fees in the amount of $99,578.00 and reimbursement of expenses in the amount of $0.00 for work performed from November 1, 2017, through October 31, 2018, and for such other and further relief as may be appropriate.

Respectfully submitted this 10th day of December, 2018.

IRELAND STAPLETON PRYOR & PASCOE, PC


 /s/ Mark E. Haynes
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 623-2700
Facsimile:  (303) 623-2062
Email:  mhaynes@irelandstapleton.com

Attorneys for Simon E. Rodriguez, Chapter 7 Trustee

CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2018, a true and correct copy of the foregoing COVERSHEET and FIFTH INTERIM APPLICATION FOR COMPENSATION OF IRELAND STAPLETON PRYOR & PASCOE, PC AS COUNSEL FOR THE CHAPTER 7 TRUSTEE was placed in the U.S. mail, first class postage prepaid, addressed to the following:

U.S. Trustee's Office
1961 Stout Street, Suite 12-200
Denver, CO 80294
Attn: Alan K. Motes, Esq.

Ethan Birnberg, Esq.
600 17th St., Suite 1800 South
Denver, CO 80202

Theodore Brin, Esq.
1601 Blake St., Suite 305
Denver, CO 80202

Angela D. Dodd, Esq.
U.S. Securities & Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604

Maria J. Flora, Esq.
1763 Franklin St.
Denver, CO 80218

Caroline C. Fuller, Esq.
1801 California St., Suite 2600
Denver, CO 80202

Jessica Kumar, Esq.
155 N. Wacker Dr., Suite 3200
Chicago, IL 60606

Mark A. Larson, Esq.
1600 Stout Street, Suite 1100
Denver, CO 80202

2940880.1

Joel Laufer, Esq.
5290 DTC Pkwy, Suite 150
Englewood, CO  80111

Jeffrey M. Lippa, Esq.
1200 17th St., Suite 2400
Denver, CO  80202

Robert A. McDermott, Esq.
201 W. Colfax Ave., Dep't. 1207
Denver, CO  80202

Brendon C. Reese, Esq.
1300 Broadway, 8th Floor
Denver, CO  80203

Jared S. Roach, Esq.
Reed Smith, LLP
225 Fifth Avenue
Pittsburgh, PA  15222

Matthew D. Skeen, Esq.
P.O. Box 218
Georgetown, CO  80444

Paul G. Urtz, Esq.
1660 Lincoln St., Suite 2850
Denver, CO  80264

John F. Young, Esq.
1700 Lincoln St., Suite 4550
Denver, CO  80203


  /s/ Mark E. Haynes