IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED WESTERN BANCORP, INC., | ) | Case No. 12-13815 TBM |
| EIN:  84-1233716 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**APPLICATION TO EMPLOY HOGAN LOVELLS US LLP
AS ATTORNEYS FOR THE TRUSTEE**

Simon E. Rodriguez, Chapter 7 Trustee of the Bankruptcy Estate of United Western Bancorp, Inc. (the "Trustee") by and through his counsel, hereby applies to this Court for authorization to employ the law firm of Hogan Lovells US LLP ("HL") as attorneys for the Trustee, and states as follows:

1. On March 2, 2012, United Western Bancorp, Inc. ("the Debtor") filed its voluntary petition for relief in bankruptcy under Chapter 11. From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession. On April 15, 2013, the Bankruptcy Court entered an Order converting the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code.

2. Simon E. Rodriguez is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

3. There is a dispute between the estate and the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for United Western Bank (the "Bank") regarding the ownership of a $4,081,334.67 tax refund paid by the U.S. Internal Revenue Service ("IRS") to the Debtor (the "Tax Refund" or "Refund"), which is currently on deposit in the Registry of the Court, pending resolution of the dispute. The Bank is a subsidiary of the Debtor, which files consolidated tax returns on behalf of a consolidated group, including the Bank. The handling of the refund is governed by an agreement the Debtor, the Bank and the rest of the members of the consolidated group entered into, the Tax Allocation Agreement ("TAA") dated January 1, 2008. The Trustee's position is the TAA establishes a debtor-creditor relationship between Debtor and the Bank with respect to any tax refunds. The FDIC's position is that it owns the Tax Refund.

4. The Trustee commenced an Adversary Proceeding concerning the FDIC's claim and the Tax Refund, *Rodriguez v. FDIC (In Re United Western Bancorp, Inc.),* Adv. Proc. No. 14-01191 TBM on April 16, 2014. This Court entered summary judgment in favor of the Trustee and against the FDIC on September 16, 2016. The FDIC appealed this judgment to the U.S. District Court for the District of Colorado (the "District Court"). On July 10, 2017 the

District Court reversed the judgment of the Bankruptcy Court. The Trustee appealed this order to the U.S. Court of Appeals for the Tenth Circuit (the "Tenth Circuit"). On June 19, 2018 the Tenth Circuit affirmed the District Court. On January 29, 2019, the Tenth Circuit granted in part and denied in part the Trustee's Petition for Rehearing and issued a revised opinion.

5. The Trustee desires to employ HL to investigate grounds for and the advisability of filing a Petition for Certiorari to the U.S. Supreme Court ("Petition") and, if advisable, file a Petition and if granted prosecute an appeal to the Supreme Court. The Trustee anticipates that Neal Katyal and Mitchell Reich of HL will supervise or provide most of these services.

6. At present, due to a pending and unresolved administrative claim, the estate has no assets with which to fund a Petition and appeal to the Supreme Court. HL has agreed to provide their services on a contingent fee basis. HL requests that this Court specifically approve of the Trustee's execution of a Contingent Fee Agreement between HL and the estate, authorizing HL to be compensated on a contingency fee basis. A copy of the agreement is attached hereto as Exhibit A.

7. The contingent fee agreement provides that HL will receive thirty five percent (35%) of any monies recovered by the estate.

8. The Trustee believes that approval of this application under 11 U.S.C. § 327(a) is in the best interest of the estate.

9. To the best of the Trustee's knowledge, the firm and its employees have no connection or conflict of interest with the bankruptcy estate, the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee's office, or any person employed in the office of the United States Trustee. Although it does not constitute a conflict of interest, in the interest of full disclosure, the Trustee discloses that HL represents defendant Lloyds Banking Group ("LBG") in a lawsuit in which the FDIC, as Receiver for United Western Bank, among other FDIC bank receiverships, is a plaintiff, *Federal Deposit Insurance Corporation as Receiver for Amcore Bank, N.A. v. Bank of America Corporation*, Case No. 1:14-cv-01757-NRB, MDL No. 2262 (S.D.N.Y.). FDIC as Receiver for United Western Bank is adverse to LBG in this lawsuit.

10. HL are disinterested persons qualified to be employed under § 327(a) and F.R.B.P. 2014(a). See Affidavit of Neal Katyal, attached hereto as Exhibit B. [1]

11. HL is aware of the provisions of 11 U.S.C. § 328(a) and has agreed, notwithstanding the terms and conditions of employment set forth herein, that the Court may allow compensation different from the compensation provided for herein if such terms and

---

[1]. Please note that the Schedule A referenced in the Katyal Affidavit is the Schedule A attached to the Affidavit.

conditions prove to have been improvident in light of developments not anticipated at the time of the fixing of such terms and conditions.

12. HL requests its employment be approved effective as of March 4, 2019.

13. HL will seek approval of its compensation and reimbursement of expenses by separate application in accordance with the Bankrupty Code and Rules.

WHEREFORE, the Trustee respectfully requests the Court to enter its Order authorizing him to enter into a contingent fee agreement under 11 U.S.C. § 327(a) with Hogan Lovells USA LLP to represent the estate as counsel in connection with certain potential litigation described above on a contingent fee basis effective as of March 4, 2019, with such compensation for legal services to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow.

DATED: March 4, 2019.

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

 /s/ Mark E. Haynes
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 623-2700
Facsimile: (303) 623-2062
Email: mhaynes@irelandstapleton.com

Attorneys for Simon E. Rodriguez, Chapter 7 Trustee

CERTIFICATE OF MAILING

I hereby certify that on March 4, 2019, a true copy of the foregoing was served by depositing same in the United States mail, postage prepaid and properly addressed to:

| | |
|---|---|
| U.S. Trustee's Office<br>1961 Stout Street, Suite 12-200<br>Denver, CO 80294<br>Attn: Alan K. Motes, Esq. | Ethan Birnberg, Esq.<br>600 17th St., Suite 1800 South<br>Denver, CO 80202 |
| Theodore Brin, Esq.<br>1601 Blake St., Suite 305<br>Denver, CO 80202 | Angela D. Dodd, Esq.<br>U.S. Securities & Exchange Commission<br>175 W. Jackson Blvd., Suite 900<br>Chicago, IL 60604 |
| Maria J. Flora, Esq.<br>1763 Franklin St.<br>Denver, CO 80218 | Caroline C. Fuller, Esq.<br>1801 California St., Suite 2600<br>Denver, CO 80202 |
| Jessica Kumar, Esq.<br>155 N. Wacker Dr., Suite 3200<br>Chicago, IL 60606 | Mark A. Larson, Esq.<br>1600 Stout Street, Suite 1100<br>Denver, CO 80202 |
| Mark A. Larson, Esq.<br>Larson Law Firm, LLC.<br>950 Spruce St., Ste. 1C<br>Louisville, CO 80027 | Joel Laufer, Esq.<br>5290 DTC Pkwy, Suite 150<br>Englewood, CO 80111 |
| Jeffrey M. Lippa, Esq.<br>1200 17th St., Suite 2400<br>Denver, CO 80202 | Robert A. McDermott, Esq.<br>201 W. Colfax Ave., Dep't. 1207<br>Denver, CO 80202 |
| Brendon C. Reese, Esq.<br>1300 Broadway, 8th Floor<br>Denver, CO 80203 | Jared S. Roach, Esq.<br>Reed Smith, LLP<br>225 Fifth Avenue<br>Pittsburgh, PA 15222 |
| Matthew D. Skeen, Esq.<br>P.O. Box 218<br>Georgetown, CO 80444 | Paul G. Urtz, Esq.<br>1660 Lincoln St., Suite 2850<br>Denver, CO 80264 |

John F. Young, Esq.
1700 Lincoln St., Suite 4550
Denver, CO 80203

                                               /s/ Mark E. Haynes
                                               Mark E. Haynes