## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED WESTERN BANCORP, INC., | ) | Case No. 12-13815 TBM |
| EIN: 84-1233716 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### MOTION FOR ORDER APPROVING ABANDONMENT OF ASSET
### PURSUANT TO 11 U.S.C. §554(a)

Simon E. Rodriguez, chapter 7 trustee (the "Trustee"), by and through his counsel Ireland, Stapleton, Pryor and Pascoe, P.C., respectfully submits this Motion for Order Approving Abandonment of Asset Pursuant to 11 U.S.C. §554(a), (the "Motion to Abandon Asset" or "Motion"), and hereby states as follows:

1.  On March 2, 2012, the Debtor commenced the above captioned case by filing its voluntary petition for relief in bankruptcy under Chapter 11 (the "Case"). From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession. On April 15, 2013, the Bankruptcy Court entered an Order converting this Case to a case under Chapter 7 of the Bankruptcy Code. Simon E. Rodriguez is the duly appointed Chapter 7 Trustee.

2.  The Bankruptcy Court established July 1, 2013 as the deadline for filing Chapter 11 Administrative Claims. The Bankruptcy Court also established July 23, 2013 as the deadline for filing proofs of claim. Forty-two proofs of claim were filed asserting claims totaling in excess of $198 million.

3.  Since his appointment, the Trustee has focused on liquidating the Debtor's personal property (including the estate's claim in the Matrix Funding Corp estate), pursuing the appeal of the IRS audit of the Debtor's 2009 tax return which resulted in a refund, prosecuting litigation against the FDIC to determine the ownership of the tax refund, pursuing the avoidance actions, reviewing and challenging certain proofs of claim, and defending the estate against the time-barred claims asserted by the Chapter 7 Trustee of UWT, Inc. in federal court litigation. A new issue arose with the Internal Revenue Service's claim of additional income tax owed with respect to the UWBI 2016 and 2017 tax returns, which the Trustee opposed. The IRS claim as to the 2016 and 2017 returns has successfully been resolved in the Trustee's favor.

4.  The FDIC tax refund litigation has now been resolved. The FDIC has agreed to

withdraw its claim in this Case.

5. With the resolution of the IRS administrative claims for the 2016 and 2017 tax returns and the FDIC's withdrawal of its claim, all claims have been resolved.

6. The Trustee is therefore preparing to close this Case.

7. The Debtor is a bank holding company that at one time owned a number of subsidiaries. Debtor's largest subsidiary is United Western Bank ("UWB" or "Bank"). In both the Debtor's Original Schedule B filed March 2, 2012 and Amended Schedule B filed May 31, 2012, as Property Owned, Debtor listed in Item 13, stocks: "UWBK [United Western Bancorp Inc.] - **United Western Bank: Stock representing 100% ownership of United Western Bank**" (emphasis added) (the "Bank Stock").

8. UWB operated a community-based banking network, comprised of eight banking locations and a loan servicing office. On January 21, 2011, the Office of Thrift Supervision closed the Bank and appointed the FDIC as its receiver ("FDIC-Receiver," "Receiver" or "Receivership").

9. By operation of law, upon its appointment, the FDIC-Receiver succeeded to the rights, titles, powers, and privileges of the Bank, and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the assets and property of the institution, and place the institution in liquidation and proceed to realize upon its assets. See 12 U.S.C. § 1821(d)(2). The FDIC Receivership of UWB is ongoing and the Trustee does not know how much longer the Receivership will continue before it is wound up. In the past, the Receivership has reported income to the Trustee necessitating the Trustee filing income tax returns for the UWBI consolidated group.

10. As the Court is aware from previous litigation, UWBI is part of a "consolidated group" consisting of itself and all its subsidiaries for purposes of filing tax returns and other dealings with the IRS. UWBI is appointed "agent" of the consolidated group which makes it UWBI's responsibility to prepare and file an income tax return if UWBI or any of the members of the group have income to report. The Trustee believes it is in the best interest of the estate and its creditors to terminate the responsibility to file tax returns when the estate is closed. This involves "deconsolidating" the group, making each member of the group responsible to file its own tax returns. The Trustee is advised that to receive IRS permission to "deconsolidate" and terminate UWBI's responsibility it must demonstrate to the IRS that UWBI is effectively dissolved by virtue of it having no assets and no prospects of receiving any income after the case is closed. However, the estate could be viewed as still owning the Bank Stock as an asset after the case is closed.

11. Moreover, if the amount recovered by the Receiver from the liquidation of assets is sufficient, payment may be made on "Any obligation to shareholders or members arising as a

result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such company)." 12 U.S.C. § 1821(d)(11)(A)(v). Thus, it is possible that in the future UWBI could receive a distribution from FDIC-Receiver. This is, however, the lowest priority for distributions from the Receivership and is therefore very unlikely. However, this very slim possibility could be viewed by the IRS as prospective income.

12. The Balance Sheet for the Receivership currently shows a net deficit of $(139,298,000.00). https://receivership.fdic.gov/drripbal/bank/10331?FIN=10331 Thus, the likelihood of a distribution to UWBI on its Bank Stock is very remote.

13. On the other hand, despite the large deficit, the Receivership shows on the asset side of the balance sheet cash and investments of $ 66,364,000.00 that could potentially generate future income. If the Trustee maintains ownership of the Bank Stock as an asset, the Trustee is informed and believes based on advice from experts in federal income taxation that UWBI will likely not be granted permission to "deconsolidate" from the consolidated holding company group and in particular the Bank because UWBI would not be able to represent to the IRS that is has no assets and no possible future income. This could put the Trustee in the position of being required to reopen this case and to file a tax return in the future with no funds available to do so. The alternative would be to keep this case open indefinitely until the Receivership is terminated. The Trustee believes the latter alternative is unacceptable as this case is already nine years old.

14. 11 U.S.C. §554(a) provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." In addition, 11 U.S.C. 554(c) provides: "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." Thus, it is likely that the closing of this case will trigger an abandonment of the Bank Stock. However, the Trustee believes it is in the best interests of the estate to obtain an Order approving the abandonment of the Bank Stock to allow UWBI to deconsolidate from the group and foreclose any future possibility of being required to file a tax return on account of income generated by the Receivership.

15. On the unusual facts of this case, the Bank Stock is both of inconsequential value but burdensome to the estate. The Trustee is therefore entitled to an Order approving abandonment of the Bank Stock pursuant to Section 554(a) after notice and a hearing.

16. The undersigned has conferred with counsel for the FDIC and has been authorized to state the FDIC does not oppose the relief requested.

WHEREFORE, Trustee respectfully requests that the Court enter an order pursuant to 11 U.S.C. §554(a) that the Bank Stock is deemed abandoned, the estate's ownership of the Bank Stock is terminated and granting such other and further relief as the Court deems just.

Dated this 29th day of July, 2021.

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

 /s/ Mark E. Haynes
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 623-2700
Facsimile: (303) 623-2062
Email: mhaynes@irelandstapleton.com

Attorneys for Simon E. Rodriguez, chapter 7 trustee