IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED WESTERN BANCORP, INC., | ) | Case No. 12-13815 TBM |
| EIN: 84-1233716 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

_____

**APPLICATION TO EMPLOY DENNIS D. RUSSELL, CPA,
AS TAX SPECIAL ADVISOR TO THE TRUSTEE**

_____

Simon E. Rodriguez, Chapter 7 Trustee of the Bankruptcy Estate of United Western Bancorp, Inc. (the "Trustee") by and through his counsel, hereby applies to this Court for authorization to employ Dennis D. Russell, CPA, ("Russell") as a Special Advisor to the Trustee, and states as follows:

1. On March 2, 2012, United Western Bancorp, Inc. ("the Debtor") filed its voluntary petition for relief in bankruptcy under Chapter 11. From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession. On April 15, 2013, the Bankruptcy Court entered an Order converting the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code.

2. Simon E. Rodriguez is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

3. All claims and litigation have been resolved and the Trustee is preparing to close this case.

4. The Debtor is a bank holding company that at one time owned a number of subsidiaries. Debtor's largest subsidiary is United Western Bank ("UWB" or "Bank"). On January 21, 2011, the Office of Thrift Supervision closed the Bank and appointed the FDIC as its receiver ("FDIC-Receiver," "Receiver" or "Receivership").

5. By operation of law, upon its appointment, the FDIC-Receiver succeeded to the rights, titles, powers, and privileges of the Bank, and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the assets and property of the institution, and place the institution in liquidation and proceed to realize upon its assets. See 12 U.S.C. § 1821(d)(2). The FDIC Receivership of UWB is ongoing and the Trustee does not know how much longer the

1

Receivership will continue before it is wound up.

6.       Before UWBI filed its Chapter 11 Bankruptcy Petition, UWBI had been filing tax returns on behalf of itself and all its subsidiaries as a consolidated group. The Trustee has continued that practice. The Receivership has received income, which heretofore has been reported on UWBI's tax return for the consolidated group. However, all assets have been administered and claims resolved. When this case is closed, UWBI will have no assets and no income and therefore no reason to file future tax returns. There is a possibility, however, that the Receivership will have income in the future and thus may be required to file one or more tax returns.

7.       After consultations with the FDIC and tax professionals, the Trustee has determined that the best approach to this issue is to "deconsolidate" UWBI from the consolidated group, which would mean that each entity would file its own tax return. Because none of the other subsidiaries are still in business, as a practical matter the result would be the FDIC would file a tax return for the Bank if the Receivership generates income in the future. To accomplish this, the Trustee wishes to employ Russell's specialized expertise regarding federal tax issues in general and "deconsolidation" in particular for guidance in pursuing deconsolidation.

8.       The estate already employs an accounting firm to prepare UWBI's tax returns, S L Biggs, formerly known as Dennis & Co. These accountants will continue to prepare UWBI's tax returns, including the final return. Mr. Russell would not replace or duplicate work performed by the estate's existing accountants, but would provide advice to the Trustee as to the deconsolidation process.

9.       Mr. Russell charges for his services on an hourly rate basis of $200-$250 per hour depending on the complexity of the particular task.

10.       To the best of the Trustee's knowledge, Russell has no connection or conflict of interest with the bankruptcy estate, the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee's office, or any person employed in the office of the United States Trustee. However, Russell has provided services to the Trustee on other bankruptcy cases.

11.       Russell is a disinterested person qualified to be employed under § 327(a) and F.R.B.P. 2014(a). See Affidavit of Dennis D. Russell, attached hereto as <u>Exhibit A.</u>

12.       Russell will seek approval of his compensation and reimbursement of expenses by separate application in accordance with the Bankruptcy Code and Rules.

WHEREFORE, the Trustee respectfully requests the Court to enter its Order authorizing

2

3535139.2

him to employ under 11 U.S.C. § 327(a) Dennis Russell as CPA and Special Advisor with such compensation for accounting and tax services to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow.

DATED: July 29, 2021.

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

/s/ Mark E. Haynes
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 623-2700
Facsimile: (303) 623-2062
Email: mhaynes@irelandstapleton.com

Attorneys for Simon E. Rodriguez, Chapter 7 Trustee

3535139.2