## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNITED WESTERN BANCORP, INC., | ) | Case No. 12-13815 TBM |
| EIN:  84-1233716 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

---

## MOTION FOR ORDER APPROVING ABANDONMENT OF ASSETS
## PURSUANT TO 11 U.S.C. §554(a)

---

Simon E. Rodriguez, chapter 7 trustee (the "Trustee"), by and through his counsel Ireland, Stapleton, Pryor and Pascoe, P.C., respectfully submits this Motion for Order Approving Abandonment of Assets Pursuant to 11 U.S.C. §554(a), (the "Motion to Abandon Assets" or "Motion"), and hereby states as follows:

1.      On March 2, 2012, the Debtor commenced the above captioned case by filing its voluntary petition for relief in bankruptcy under Chapter 11 (the "Case").  From March 2, 2012 to April 15, 2013, the Debtor operated as a debtor-in-possession.  On April 15, 2013, the Bankruptcy Court entered an Order converting this Case to a case under Chapter 7 of the Bankruptcy Code. Simon E. Rodriguez is the duly appointed Chapter 7 Trustee.

2.      The Bankruptcy Court established July 1, 2013 as the deadline for filing Chapter 11 Administrative Claims.  The Bankruptcy Court also established July 23, 2013 as the deadline for filing proofs of claim.  Forty-two proofs of claim were filed asserting claims totaling in excess of $198 million.

3.      Since his appointment, the Trustee has focused on liquidating the Debtor's personal property (including the estate's claim in the Matrix Funding Corp estate), pursuing the appeal of the IRS audit of the Debtor's 2009 tax return which resulted in a refund, prosecuting litigation against the FDIC to determine the ownership of the tax refund, pursuing the avoidance actions, reviewing and challenging certain proofs of claim, and defending the estate against the time-barred claims asserted by the Chapter 7 Trustee of UWT, Inc. in federal court litigation.  A new issue arose with the Internal Revenue Service's claim of additional income tax owed with respect to the UWBI 2016 and 2017 tax returns, which the Trustee opposed.  The IRS claim as to the 2016 and 2017 returns has successfully been resolved in the Trustee's favor.

4.      The FDIC tax refund litigation has now been resolved.  The FDIC has agreed to withdraw its claim in this Case.

5.      With the resolution of the IRS administrative claims for the 2016 and 2017 tax returns and the FDIC's withdrawal of its claim, all claims have been resolved.

6.      The Trustee is therefore preparing to close this Case.

7.      The Debtor is a bank holding company that at one time owned a number of subsidiaries.  Debtor's largest subsidiary is United Western Bank ("UWB" or "Bank").  In both the Debtor's Original Schedule B filed March 2, 2012 and Amended Schedule B filed May 31, 2012, as Property Owned, Debtor listed in Item 13, stocks: "UWBK [United Western Bancorp Inc.] - **United Western Bank: Stock representing 100% ownership of United Western Bank**" (emphasis added) (the "Bank Stock").

8.      The Trustee filed a Motion for Order Approving Abandonment of Asset concerning the Bank Stock on July 29, 2021 [Docket No. 710], which was granted by the Order dated August 25, 2021 [Docket No. 719].

9.      The Trustee now wishes to address other assets that the estate technically owns but which have no value.  The purpose of this Motion is to remove these assets from UWBI's balance sheet and tax return to support an anticipated filing with the Internal Revenue Service requesting a Director's Determination that UWBI need not file tax returns in the future after this Case is closed.  The assets subject to this Motion are:

a.      The following assets are all listed in UWBI's Amended Schedule B filed in this Case (collectively, the "Schedule B Assets")[1]:

   i.   Stock representing 100% ownership of Equi-Mor Holdings, Inc.;

   ii.  Common equity representing approximately 100% ownership of Matrix Bancorp Capital Trust II;

   iii. Common equity representing approximately 100% ownership of Matrix Bancorp Capital Trust VI;

   iv.  Common equity representing approximately 100% ownership of Matrix Bancorp Capital Trust VIII;

   v.   Stock representing 100% ownership of Matrix Bancorp Trading, Inc.;

   vi.  Stock representing 100% ownership of The Vintage Group, Inc.;

---

[1] The Bank Stock is not included as it was the subject of the previous motion.

3569406.1

      vii.  Stock representing 100% ownership of United Western Administrative Services, Inc.;

     viii.  Stock representing 100% ownership of UW Asset Corp.;

      ix.  Member interest representing approximately 44% ownership of UWBK Colorado Fund, LLC.;

       x.  Stock representing 100% ownership of UWBK Management Fund, Inc.;

      xi.  Stock representing 100% ownership of UWT, Inc.

b.  The following assets or subsidiary entities are listed in the UWBI Consolidated U.S. Tax Returns for 2020 and/or earlier (collectively, the "Tax Return Assets")[2]:

        i.  Equi-Mor Holdings, Inc.;

       ii.  UW Asset Corporation;

      iii.  Matrix Bancorp Trading;

      iv.  Matrix Funding Corporation;

       v.  UW Investment Services, Inc.

      vi.  UW Trust

     vii.  UWBK Fund Management, Inc.

     viii.  United Western Administrative Services, Inc.

      ix.  Charter Facilities Funding LLC (100% equity ownership)

       x.  Charter Facilities Funding IV, LLC (0.01%)

      xi.  Charter Facilities Funding 5, LLC (0.01%)

10.    As the Court is aware from previous litigation, UWBI is or was part of a

---

[2] Some Tax Return Assets are also Schedule B Assets. They are listed again for clarity and full disclosure. United Western Bank is not listed as it was the subject of the previous motion.

3569406.1

"consolidated group" consisting of itself and all its subsidiaries for purposes of filing tax returns and other dealings with the IRS. UWBI is appointed "agent" of the consolidated group which makes it UWBI's responsibility to prepare and file an income tax return if UWBI or any of the members of the group have income to report. The Trustee believes it is in the best interest of the estate and its creditors to terminate the responsibility to file tax returns when the estate is closed. This involves "deconsolidating" the group, making each member of the group responsible to file its own tax returns.

11.     The Trustee is advised that to receive IRS permission to "deconsolidate" and terminate UWBI's responsibility it must demonstrate to the IRS that UWBI is effectively dissolved by virtue of it having no assets and no prospects of receiving any income after the case is closed. The Trustee is informed and believes that all of the businesses, including UWBI subsidiaries, except for the Bank, are worthless and have no ongoing operations. Some UWBI subsidiaries filed their own bankruptcy cases, but all of them are now resolved and closed. However, the estate could be viewed by the IRS in a technical and formalistic interpretation as still owning the Schedule B Assets and Tax Return Assets after the case is closed.

12.     Therefore, the Trustee is filing this Motion to obtain an Order to support the position before the IRS that in fact after this Case is closed UWBI will own no assets and has no prospects of future income.

13.     11 U.S.C. §554(a) provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." In addition, 11 U.S.C. 554(c) provides: "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

14.     The Schedule B Assets and Tax Return Assets are of inconsequential value and indeed are worthless. The Trustee is therefore entitled to an Order approving abandonment of the those Assets pursuant to Section 554(a) after notice and a hearing.

WHEREFORE, the Trustee respectfully requests that the Court enter an order pursuant to 11 U.S.C. §554(a) that the following assets are deemed abandoned: the Schedule B Assets and Tax Return Assets, the estate's ownership of the Schedule B Assets and Tax Return Assets is terminated and granting such other and further relief as the Court deems just.

Dated this 22nd day of September, 2021.

3569406.1

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

*/s/ Mark E. Haynes*
Mark E. Haynes, #12312
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone:  (303) 623-2700
Facsimile:  (303) 623-2062
Email:  mhaynes@irelandstapleton.com

*Attorneys for Simon E. Rodriguez, chapter 7 trustee*

3569406.1